PER CURIAM.
The above styled case came before this court on oral argument and it appearing to this court that exclusive jurisdiction of the appeal in this cause is vested in the Supreme Court of Florida for the reason that the order of the circuit court appealed is one construing a controlling provision of the Constitution of Florida and directly passing upon the validity of state statutes, to wit, Chapter 26084, Special Acts of 1949, as amended by Chapters 57-1634 and 57-1636, Special Acts of 1957, holding the same to be null and void on the grounds that they contravene Section 20, Article III of the Constitution of Florida, F.S.A.
Helen Bennett, individually and as Tax Assessor of Orange County, Florida, original plaintiff in this action, in her Cross-Assignments of Error, stated:
“2. The Circuit Court, in and by its order and decree dated March 13, 1962, erred in finding, declaring and decreeing that Chapter 61-1442 is invalid as violative of Section 20, Article III of the Constitution.”
The defendants-appellees, The Budget Commission of Orange County, Florida, and Leonard L. Fletcher, C. M. Walters, Bert E. Roper, Joan T. Proffitt and William W. Self, as and constituting all the members of the said Budget Commission, cross-assigned as follows:
“1. The Circuit Court, in and by its order and decree dated March 18, (sic) 1962, erred in finding, declaring, and decreeing that Chapter 26084, Special Acts of 1949, Chapter 57-1634 and Chapter 57-1636, Special Acts of 1957 are null and void as violative of Section 20, Article III of the Constitution of the Florida Constitution, (sic)”
It is ordered, pursuant to the provisions of Rule 2.1, subd. a(5) (d), Florida Appellate Rules, 31 F.S.A., that the notice of appeal and all other papers filed in this cause shall, upon expiration of five (5) days, be transferred to the Supreme Court of Florida for consideration and determination.
ALLEN, Acting C. J., KANNER, J., and CARROLL, Associate Judge, concur.